UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

REGINA HENRIQUEZ & CHARLES
HENRIQUEZ,

          Plaintiffs,

- against -

ROCHDALE VILLAGE INC.; LAWANI
AL-HASSAM; HIGHTOWER; MARIE
ZELAYA; and ALICIA BLACKWELL,

          Defendants.
------------------------------------------------------------X

**REPORT & RECOMMENDATION**
**10-CV-942 (ENV)(LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiffs filed the instant *pro se* action on February 17, 2010. Plaintiffs have not filed proof that defendant Marie Zelaya has been served with the summons and complaint.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

On August 17, 2010, the Court ordered defendant Rochdale Village Inc. (Rochdale) to provide to the Court the last known address of defendant Zelaya in an effort to effect service of process. By letter dated August 23, 2010, Rochdale informed the Court that it did not possess Ms. Zelaya's home address as she was never an employee of Rochdale, but was an employee of Wentworth Property Management, previously a property manager for Rochdale. By Order dated September 3, 2010, the Court informed plaintiffs that it could not compel Wentworth Property Management, as a non-party to the action, to provide Ms. Zelaya's home address and that it would make no further effort to have defendant Zelaya



served. The Court ordered plaintiffs to provide defendant Zelaya's current address to the Court by October 18, 2010 or it would dismiss the action against defendant Zelaya without prejudice.

Defendant Rochdale also made known, by letter dated July 14, 2010, that defendant Hightower died two years ago. Therefore, in its Order dated August 17, 2010, the Court informed plaintiffs that pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, plaintiffs had 90 days, until October 18, 2010, to move to substitute the proper party for defendant Hightower or the case against Hightower would be dismissed.

Plaintiffs have failed to file proof of service on Zelaya and have failed to substitute the proper party for Hightower.

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiffs' complaint should be dismissed against Marie Zelaya without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and should be dismissed against Edward Hightower pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure for failure to substitute the proper party.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v.

Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

/s/
LOIS BLOOM
United States Magistrate Judge

Dated: November 4, 2010
      Brooklyn, New York