UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
REGINA HENRIQUEZ & CHARLES
HENRIQUEZ,

                Plaintiffs,

-against-

ROCHDALE VILLAGE INC.; LAWANI AL-
HASSAM; HIGHTOWER; MARIE ZELAYA; and
ALICIA BLACKWELL,

                Defendants.
-------------------------------------------------------------x

**MEMORANDUM & ORDER**

10-CV-942 (ENV)(LB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT
★ DEC 16, 2010
P.M.
TIME A.M. ____

**VITALIANO, D.J.**

    Pro se plaintiffs filed the instant complaint on February 17, 2010. The case was assigned to Magistrate Judge Lois Bloom for pre-trial proceedings. On November 4, 2010, Judge Bloom issued a Report and Recommendation ("R&R") recommending that plaintiffs' complaint be dismissed without prejudice against Marie Zelaya pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and dismissed against Edward Hightower pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure. Plaintiffs filed a letter on November 12, 2010, requesting that the Court not dismiss the action.

    In reviewing the Report and Recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district judge is required to "make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made" by any party. Fed. R. Civ. P. 72(b).

    Since the complaint was filed, Judge Bloom has attempted to obtain the address for defendant Zelaya in an effort to effect service of process. By Order dated September 3, 2010,



Judge Bloom informed plaintiffs that the Court had been unsuccessful and would make no further attempts to have Zelaya served. The Court further ordered plaintiffs to provide Zelaya's current address by October 18, 2010, or the action would be dismissed without prejudice. Plaintiffs have failed to comply with the Court's Order and have not filed proof that Zelaya has been served. Plaintiff's letter, which the Court will construe as an objection to Judge Bloom's R&R, does not even explain why Zelaya's address could not be obtained and why plaintiffs did not comply with the Court's Order.

Additionally, on July 14, 2010, Rochdale Village informed plaintiffs that defendant Hightower died two years ago. By Order dated August 17, 2010, Judge Bloom informed plaintiffs that pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, they had 90 days to move to substitute the proper party. Plaintiffs have failed to comply with this Order or explain to the Court why they have not done so.

Accordingly, the Court finds Judge Bloom's Report and Recommendation as to the appropriate disposition of this matter to be correct, comprehensive, well-reasoned, and free of any clear error. The Court, therefore, adopts the Report and Recommendation in its entirety as the opinion of the Court. Accordingly, for all the foregoing reasons, the complaint against Marie Zelaya is dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and the complaint against Edward Hightower is dismissed pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure for failure to substitute the proper party.

**SO ORDERED.**

Dated: Brooklyn, New York
December 15, 2010

ERIC N. VITALIANO
United States District Judge